# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

FILED

EXPERIOR ASSESSMENTS, LLC

00 JUL 28 AM 11: 40

Plaintiff,

NO.CIV-2000-00824 BB/RLP

v

DAVID BACHMAN, MICAH BACHMAN,
GREENVIEW ENTERPRISES, INC.,
RONALD SQUYRES, and
HI-TECH DATA SERVICES, INC.,

Defendants.

## PLAINTIFF'S REQUESTED FINDINGS OF FACT
## AND CONCLUSIONS OF LAW

COMES NOW, Plaintiff Experior Assessments, L.L.C., by and through its

attorneys of record, Browning & Peifer, P.A. (James O. Browning & Stevan Douglas

Looney) and Wilmer, Cutler & Pickering (Brent J. Gurney & Lara A. Englund) and states

that this matter is set for hearing on July 31, 2000 at 1:30 p.m. on Plaintiff's Motion for

Preliminary Injunction. Plaintiff hereby respectfully requests that the Court enter the

Findings of Fact and Conclusions of Law attached hereto as Exhibit 1.

Respectfully submitted,

BROWNING & PEIFER, P.A.

By:
    James O. Browning
    Stevan Douglas Looney
    20 First Plaza, Suite 725
    P.O. Box 25245
    Albuquerque, NM 87125
    (505) 247-4800



Brent J. Gurney
Lara A. Englund
WILMER, CUTLER & PICKERING
2445 M Street, N.W.
Washington, DC 20037
(202) 663-6000

Counsel for Plaintiff
Experior Assessments, LLC

I hereby certify that an original and
one copy of the foregoing was hand-delivered to:

Sean R. Calvert
Calvert & Menicucci, P.C.
1303 Rio Grande Blvd., NW, #7
Albuquerque, New Mexico 87104
Attorney for David Bachman, Micah Bachman
and Greenview Enterprises, Inc.

and
a copy of the foregoing was mailed by first-class mail to the following:

Franklin J. Foil
P.O. Box 80523
Baton Rouge, LA 70898-0523
Attorney for Ronald Squyres
and Hi-Tech Data Services, Inc.

on this 28th day of July, 2000.

BROWNING & PEIFER, PA.

By: _____
        Stevan Douglas Looney
Counsel for Plaintiff Experior Assessments, LLC

2

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

|  |  |
|---|---|
| EXPERIOR ASSESSMENTS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-2000-00824 BB/RLP |
| | ) |
| DAVID BACHMAN, MICAH BACHMAN, | ) |
| GREENVIEW ENTERPRISES, INC., | ) |
| RONALD SQUYRES, | ) |
| HI-TECH DATA SERVICES, INC. | ) |
| | ) |
| Defendants. | ) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter came to be heard on Plaintiff Experior Assessments, LLC's ("Experior") Motion for Preliminary Injunction. After considering the briefs and factual materials submitted by all parties, along with oral argument and testimony, the Court hereby makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

I.      Experior and the Licensing Examinations

1.      Experior develops and administers standardized tests, including the Contractor's Licensing Examinations and Journeyman's Certification Examinations for the State of New Mexico ("Licensing Examinations"). Hicken Decl. ¶ 2.

2.      The Construction Industries Division of the New Mexico Regulations and Licensing Department ("CID") – the state entity responsible for licensing contractors – relies on the Licensing Examinations in determining whether an individual can be licensed or certified in a given construction specialty. Id.

**EXHIBIT**

**1**

3.     The Licensing Examinations consist primarily of multiple-choice questions. Id. ¶ 3. There are approximately 95 different Licensing Examinations for various construction specialties. Id.

4.     Experior has over time created item banks that contain a large pool of test questions for use in the Licensing Examinations. Id. Test developers draw questions from the item banks to create examination forms which are used for the actual administration of the Licensing Examinations. Id.

5.     Experior sometimes reuses Licensing Examination test questions and forms. Id. ¶ 4. See also Educational Testing Service v. Katzman, 793 F.2d 533, 544 (3d Cir. 1986) (ability to reuse SAT and Achievement Test questions and forms is "central to the essence of plaintiff's operations"); Association of Am. Med. Colleges v. Mikaelian, 571 F. Supp. 144 (E.D. Pa. 1983) (reuse of Medical College Admission Test forms), aff'd mem., 734 F.2d 3 (3d Cir. 1984); Educational Testing Service v. Miller, 1991 Copr. L. Dec. (CCH) ¶ 26,811, at 24,781, 21 U.S.P.Q.2d (BNA) 1467, 1468 (D.D.C. 1991) ("the 1988 Foreign Service Exam contained 41 questions that appeared in the 1987 Exam"). The reasons for reuse of Licensing Examination test questions include exam equivalency (i.e., helping to ensure different forms are equal in difficulty) and cost reduction. Hicken Decl. ¶ 4.

6.     Experior has registered its Licensing Examination item banks and its test form for the General Building exam (the GB-98) with the United States Copyright Office under special procedures for "secure tests," which ensure that the security of the tests will not be jeopardized by making them available to the public. 37 C.F.R. § 202.20(c)(2)(vi). These procedures suspend the normal requirement that a registrant deposit copies of the entire work with the Copyright Office, and require instead that registrants of secure tests deposit only a redacted portion of the

2

test.   In promulgating the regulations, the Copyright Office pointed out that "availability of [secure tests] for public inspection could severely prejudice the future utility, quality, and integrity of the materials."   42 Fed. Reg. 59,302-304 (1977).

II.      Defendants' Conduct

7.      Defendants gain access to Experior's copyrighted test questions by repeatedly taken the Licensing Examinations. In the past three years, David Bachman has taken more than 90 Licensing Examinations, 39 under his own name and another 53 under the name Daniel Baca. Addington Decl. ¶¶ 3-4.   In March 2000, a private investigator retained by Experior observed David Bachman reading test questions into a recording device during the exam.  Casey Decl. ¶ 7.

8.      Since 1998, Micah Bachman has taken at least 21 Licensing Examinations and Ronald Squyres has taken at least 18 Licensing Examinations.  Addington Decl. ¶¶ 5-6.

9.      The questions that Defendants sell as test preparation materials are substantially similar to Experior's copyrighted test questions.

10.      Experior purchased test preparation materials for the New Mexico GB-98 exam from Defendant Hi-Tech Data Services, Inc.  Hicken Decl. ¶ 7; Pls.' Hearing Ex. 11. Of the 205 questions on Hi-Tech's test, 189 of them match or are substantially similar to questions on Experior's copyrighted New Mexico GB2/GB-98 Examination Form 0701.  Duffin Decl. ¶ 4; Pls.' Hearing Exs. 9, 11, 14.

11.      Experior purchased test preparation materials for the New Mexico GB-98 exam from Defendant Greenview Enterprises, Inc.  Haug Decl. ¶ 2; Pls.' Hearing Ex. 10.  Of the 207 questions on Greenview's test, 187 of them match or are substantially similar to Experior's copyrighted questions.  Duffin Decl. ¶ 6; Pls.' Hearing Ex. 9, 10, 14.

3

12.     Experior obtained test preparation materials for the New Mexico ES-7 Licensing Examination from one of Greenview's customers.  Davis Decl. ¶¶ 2-5; Pls.' Hearing Ex. 13.  All 50 of the questions that Greenview sold him matched or were substantially similar to questions in Experior's copyrighted Computer Item Bank for Electrical Exams.  Duffin Decl. ¶¶ 8-10; Pls.' Hearing Exs. 12-13, 15.

13.     Defendants advertise the fact their test preparation materials are copied from actual Licensing Examination test questions.  Greenview's advertising materials state that its "tutorials" contain "accurate questions that have appeared on exams in the past."  Hicken Decl. ¶ 6 & Ex. A.  Hi-Tech's Web site states that its materials contain "questions and answers that have recently or are now appearing on your state examination."  Id.

## CONCLUSIONS OF LAW

I.      Standards for Issuing Preliminary Injunctions

14.     A party seeking a preliminary injunction must demonstrate:

> (1) substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest.

Autoskill Inc. v. National Educ. Support Sys., Inc., 994 F.2d 1476, 1487 (10th Cir. 1993) (quoting Hartford House, Ltd. V. Hallmark Cards, Inc., 846 F.2d 1268, 1270 (10th Cir. 1988)).

15.     When the second, third and fourth factors are met, the Tenth Circuit applies a modified "likelihood of success" standard.  Under this standard,

> it is not necessary that the plaintiff's right to a final decision, after a trial, be absolutely certain, wholly without doubt; if the other elements are present (i.e., the balance of hardships tips decidedly toward plaintiff), it will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial,

> difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation.

Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir. 1980) (quoting Continental Oil Co. v. Frontier Refining Co., 338 F.2d 780, 781-82 (10th Cir. 1964)).

II.    Likelihood of Success on the Merits

16.    To prove copyright infringement, it is sufficient to show (1) plaintiff's ownership of the copyright and (2) defendant's copying of protected material. See, e.g., Gates Rubber Co. v. Bando Chem. Indus., Ltd., 9 F.3d 823, 831 (10th Cir. 1993); Autoskill Inc., 994 F.2d at 1487.

17.    There is no need to prove anything about a defendant's mental state to establish copyright infringement; it is a strict liability tort.

18.    Experior owns a copyright both in its Licensing Examination test forms as a whole, and in the individual questions that make up the tests. See Katzman, 793 F.2d at 539; Educational Testing Service v. Miller, 1991 Copr. L. Dec. (CCH) at 24,782, 21 U.S.P.Q.2d (BNA) at 1470 ("A copyright in a compilation of questions, such as the Foreign Service Exam, includes copyright protection for the questions themselves.").

19.    Under the Copyright Act, ownership of copyright is automatic once an original work (such as the Licensing Examination forms and questions at issue here) has been created. 17 U.S.C. § 102(a).

20.    Experior's ownership of copyrights in the Licensing Examination forms and questions is confirmed by registrations issued by the United States Copyright Office. See Mitchell Decl., Ex. A (attaching Registration Certificates). These certificates "constitute prima facie evidence of the validity of a copyright and of the facts stated in the certificate[s]," including Experior's ownership of copyright in the materials. 17 U.S.C. § 410(c) (1994); see also Gates Rubber Co., 9 F.3d at 831-32; Autoskill Inc., 994 F.2d at 1487.

21.     Sections 106(1) and 106(3) of the Copyright Act reserve to a copyright owner the exclusive right to copy and distribute his or her work.

22.     Experior may demonstrate copying through proof of (1) access by the defendant to the copyrighted work and (2) substantial similarity between the plaintiff's and the defendants' works.  See, e.g., Country Kids 'N City Slicks, Inc. v. Sheen, 77 F.3d 1280, 1284 (10th Cir. 1996); Gates Rubber Co., 9 F.3d at 832; Autoskill Inc., 994 F.2d at 1490.

23.     Defendants had access to the Licensing Examination questions.  Defendants David Bachman, Micah Bachman, and Ronald Squyres have repeatedly taken the Licensing Examinations.  Addington Decl. ¶ 3-6.  On one occasion, David Bachman was seen reading Experior's copyrighted questions into a recording device.  Casey Decl. ¶ 7.

24.     Defendants' questions are substantially similar to Experior's copyrighted Licensing Examination questions (and to Experior's test forms as a whole).

25.     Substantial similarity does not require verbatim copying:  a coaching school cannot escape copyright liability by claiming that its copying of secure test questions is not word-for-word.  In Educational Testing Service v. Katzman, for example, the Third Circuit upheld a finding that a coaching school had infringed ETS's copyrights in SAT and Achievement Test questions, even though the coaching school had altered the numbers in math questions, changed the order of answers in analogy questions, and in some cases substituted entirely new answers in multiple-choice questions.  Katzman, 793 F.2d at 541-42.

26.     Here, many of Defendants' questions are identical to Experior's copyrighted questions, and many others are substantially similar to Experior's copyrighted questions despite immaterial variations introduced by the Defendants.  The side-by-side comparisons submitted by

6

Experior reveal the substantial similarity between Defendants' questions and Experior's copyrighted questions.  Duffin Decl. Exs. C, E; Pls.' Hearing Exs. 14, 15.

27.     Hi-Tech has copied 189 of the 200 questions on the New Mexico GB2/GB-98 Examination Form 0701 and Greenview has copied 187 of the 200 questions.  Duffin Decl. ¶¶ 4, 6; Pls.' Hearing Exs. 9-11, 14.  All 50 of the questions in Greenview's test preparation materials for the New Mexico ES-7 exam were copied from Experior's Computer Item Bank for Electrical Exams.  Duffin Decl. ¶ 9; Pls.' Hearing Exs. 12-13, 15.

28.     Defendants have infringed Experior's copyrights in the Licensing Examination Questions.

29.     In addition to infringing Experior's copyrights in individual questions, Defendants have violated Experior's copyrights in its Licensing Examination test forms as a whole.

30.     The Copyright Act protects "compilations," i.e., works "formed by the collection and assembling of preexisting materials or of data that are *selected*, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship."  17 U.S.C. § 101 (1994) (emphasis added).

31.     While a selection must be original and creative to warrant protection, "the originality requirement is not particularly stringent.  . . .  [It] requires only that the author make the selection or arrangement independently (i.e., without copying that selection or arrangement from another work), and that it display some minimal level of creativity."  Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 358 (1991).

32.     Experior's selection of questions to be used in a particular Licensing Examination test form meets this standard.  Of the thousands of questions in its item bank that it could choose to include in a particular Licensing Examination test form, for example, Experior selects only

7

about 50.[1]  See Hicken Decl. ¶ 3.  Experior's selection of questions to be included in a particular test form is an exercise requiring judgment and creativity, and is therefore copyrightable.  See, e.g., Eckes v. Card Prices Update, 736 F.2d 859, 863 (2d Cir. 1984) (plaintiff exercised "selection, creativity, and judgment" in choosing 5,000 "premium" baseball cards out of a total of 18,000).

33.     Defendants have copied the original selection of Experior's Licensing Examination forms.  For example, Defendants have copied at least 189 of the 200 questions in GB-2/GB98 Examination Form 0701.  See Duffin Decl. ¶ 4; Pls.' Hearing Exs. 9-11, 14.  This is an infringement of Experior's copyrighted test form as a whole.  See Eckes, 736 F.2d at 863 (copying of judgmental selection of "premium" baseball cards is an infringement).

34.     Section 106(2) of the Copyright Act gives the owner of a copyright the exclusive right to prepare derivative works.  The Act defines a "derivative work" as one "based upon one or more preexisting works, such as a translation, . . . abridgment, [or] condensation, or any other form in which a work may be recast, transformed, or adapted."  17 U.S.C. § 101 (1994).

35.     To the extent that Defendants have varied the form of certain of the Licensing Examination questions they have copied, they have violated Experior's right to create derivative works based on those questions.

36.     Defendants have further violated Experior's right to create derivative works by incorporating the copied questions into a new work – Defendants' test-preparation materials – which add, among other things, suggested answers to the questions.  See Addison-Wesley Publ'g Co. v. Brown, 223 F. Supp. 219 (E.D.N.Y. 1963) (enjoining publication that paraphrased the questions in plaintiff's physics textbook and provided the answers to those questions).

---

[1]     The GB2/GB-98, which is a four-part test, has 200 questions.  See Duffin Decl. ¶ 3.

37.    In amending the Copyright Act in 1991, Congress underscored the importance of rigorous copyright protection for secure tests such as the Licensing Examinations.  The Senate Report on that amendment, for example, stated that the bill was "not intended to reduce the protection of secure tests, the utility of which is especially vulnerable to unauthorized disclosure." S. Rep. No. 102-141, at 6 (1991).

38.    Similarly, in a statement on the Senate floor, Senator Grassley stressed that it was not Congress' intention to "weaken the very strong protection that the courts have given to an important type of copyrighted work – secure tests such as the ACT, SAT, LSAT, and MCAT." 137 Cong. Rec. S13923 (daily ed. Sept. 27, 1991).  Senator Grassley went on to quote the testimony of Ralph Oman, then Register of Copyrights, who explained that:

> Secure tests are particularly vulnerable to having their utility obliterated by unauthorized disclosure.  The courts have, accordingly, been particularly solicitous in protecting these works. *Indeed, so far as we are aware, the courts have never upheld a fair use claim advanced by any private entity with regard to copying of secure tests or test questions.*

Id. (emphasis added).

39.    The Third Circuit expressed a similar view in the Katzman case:  "'The very purpose of copyrighting the . . . questions is to prevent their use as teaching aids, since such use would confer an unfair advantage on those taking a test preparation course.'"  793 F.2d at 543 (quoting Mikaelian, 571 F. Supp. at 153.

III.    Irreparable Harm

40.    In copyright cases, the Tenth Circuit has held that the fact that the plaintiff is likely to succeed on the merits creates a presumption of irreparable harm.  See Country Kids 'N City Slicks, Inc., 77 F.3d at 1288-1289 ("Because the financial impact of copyright infringement is hard to measure and often involves intangible qualities such as customer goodwill, we join the

9

overwhelming majority of our sister circuits and recognize a presumption of injury at the preliminary injunction stage once a copyright infringement plaintiff has demonstrated a likelihood of success on the merits.").

41.     Even aside from the presumption of irreparable injury, the evidence for such injury is overwhelming in cases involving the distribution of secure test questions.  See Katzman, 793 F.2d at 543-44 (infringement of secure test questions would cause irreparable harm); Mikaelian, 571 F. Supp. at 155 ("The receipt of even a large sum of money from the defendants would not adequately compensate [plaintiff] . . . for the disruption" caused by exposing test questions intended to be used in the future.).

42.     Because Defendants coach test-takers for several Experior Licensing Examinations, it is appropriate that they be enjoined from infringing Experior's copyrights in any of its copyrighted test forms.  See Katzman, 793 F.2d at 544-45 (upholding preliminary injunction against infringement of any ETS test form, in case based only on copying of SAT and Achievement Test forms).

43.     Moreover, issuing an injunction would also advance the public interest.  Allowing Defendants to continue their cheating scheme creates a substantial risk that unqualified applicants will be licensed as contractors.

44.     Likewise, if scores on the Licensing Examinations are put in question, so too will be the CID's licensing process and the public's faith in the competence and integrity of contractors and journeymen.  See Educational Testing Service v. Katzman, 626 F. Supp. 527, 529 (D.N.J. 1985) (issuing preliminary injunction where "the public will benefit from the protection of the integrity of a testing system"), vacated in part on other grounds, 793 F.2d 533 (3d Cir. 1986).

10

IV.     Harm to Defendants

        45.     The proposed injunction would not bar Defendants from doing anything that they have a legitimate right to do. The injunction simply requires Defendants to behave in the manner that the law expects of individuals who coach prospective test-takers.

        46.     To the extent that the Defendants assert that they will be harmed by having to obey the law, their claims are not cognizable in a court of equity. See, e.g., Autoskill Inc., 994 F.2d at 1498 (stating that the "potential injury to an allegedly infringing party caused by an injunction 'merits little equitable consideration and is insufficient to outweigh the continued wrongful infringement.'") (quoting Georgia Television Co. v. TV News Clips of Atlanta, Inc., 718 F. Supp. 939, 949 (N.D. Ga. 1989)).

        In light of the above findings of fact and conclusions of law and in consideration of the entire record of this case, the Court hereby ORDERS that Experior's Motion for Preliminary Injunction is GRANTED.


                                            _____
                                            United States District Judge

DATED: _____ ___, 2000

11

Presented by:

James O. Browning
Stevan Douglas Looney
BROWNING & PEIFER, P.A.
20 First Plaza, Suite 725
P.O. Box 25245
Albuquerque, NM 87125-5245
(505) 247-4800

Brent J. Gurney
Lara A. Englund
WILMER, CUTLER & PICKERING
2445 M Street, N.W.
Washington, DC 20037
(202) 663-6000

Counsel for Plaintiff
Experior Assessments, LLC

12