IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

EXPERIOR ASSESSMENTS, LLC.,

        Plaintiff,

v.                                   No. CIV 00-824 BB/RLP

DAVID BACHMAN, MICAH
BACHMAN, GREENVIEW
ENTERPRISES, INC., RONALD
SQUYRES, and HI-TECH DATA
SERVICES, INC.,

        Defendants.


MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION


THIS MATTER is before the Court on the motion of Defendants Ronald Squyres and Hi-Tech Data Services to dismiss the complaint against them on the ground that this Court lacks personal jurisdiction.  The Court having reviewed both the briefs and affidavits submitted by counsel and entertained oral argument on July 31, 2000, now FINDS Defendants' arguments lack support in fact and law and their motion will be DENIED.

When confronted by a motion under Federal Rules of Civil Procedure 12(b), a plaintiff has the burden of proving personal jurisdiction.  *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).  On a motion to dismiss, however, a plaintiff's burden is "light."  *Doe v. National Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992).  Such a plaintiff need only make a prima facie showing that jurisdiction is appropriate.  *Id.; FDIC v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).  "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits."  *Wenz*, 55 F.3d at 1505 (quoting *Benhagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984).  If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor.  *Id.*  These principles have been adopted in analyzing the Defendants' motion.

## I.  <u>Facts</u>

The Plaintiff, Experior, develops and administers Licensing Examinations pursuant to a contract with the Construction Industries Division of the New Mexico Regulations and Licensing Department ("CIDNM").  Each of the Licensing Examinations consists largely of multiple-choice questions.  Over time Experior has created item banks that contain a large pool of test questions for use

in the Licensing Examination.  Test developers draw questions from the item banks to create examination forms which are used for the actual administration of the Licensing Examinations.  The CIDNM uses the results of the Licensing Examinations to determine whether an individual can be licensed or certified in a given construction specialty.  Experior has copyrighted the item banks and test forms that it has used in the New Mexico Licensing Examinations.

Defendant Hi-Tech Data Services is engaged in the business of providing test preparation materials which assist students preparing to take construction examinations, including the New Mexico Licensing Examinations.  It is a Louisiana corporation with its principal place of business in Baton Rouge. Defendant Ronald Squyres is an officer of Hi-Tech.  Squyres lives, and was served with process, in Louisiana.  Neither Squyres nor Hi-Tech maintain an office in New Mexico.

In April 1998, Defendant David Bachman hired Stephen Schroeder of Albuquerque to design a computer program that could administer various tests over the Internet.  Schroeder was introduced, over the phone, to Ronald Squyres and told Bachman and Squyres were partners in Hi-Tech.  Based on that

understanding, Schroeder acquiesced in allowing Bachman to send the computer software he developed to Squyres for use by Hi-Tech.

In June and July of 1998, Schroeder designed a Web page for Hi-Tech from his office in Albuquerque.  He later registered that Web page, listing Bachman, at his Albuquerque address, as the registrant for Hi-Tech.  Schroeder also listed Bachman's e-mail address as the contact for Hi-Tech.  However, since Hi-Tech lacked the capacity, Schroeder "hosted" Hi-Tech's Web page on his Albuquerque computer from August 1998 through January 1999.

In March 2000, Raymond Goff, a resident of Tucumcari, New Mexico, received a mail solicitation for test preparation materials from Hi-Tech at his New Mexico address.  Goff had already passed the New Mexico examination but was interested in test preparation for the examinations given in Tennessee and South Carolina.  Goff therefore called Hi-Tech and ordered those test preparation materials; which he received at his Tucumcari address.  The materials came on diskettes and Goff did not own a computer, so he again called Hi-Tech and they exchanged the diskettes and sent the printed materials to Tucumcari.

Plaintiff alleges, and Squyres does not deny, that he registered for the New Mexico examinations and paid Plaintiff the registration fees.  Squyres also took

four of Experior's copyrighted examinations in New Mexico in 1998 and fourteen more in 1999.  Plaintiff further contends Squyres, along with other Defendants, copied these examinations and then sold them through Hi-Tech as Greenview Enterprises materials.

From Utah, Plaintiff purchased Hi-Tech's New Mexico test preparation materials in 1999.  Hi-Tech maintains that this was its only sale of the New Mexico test preparation course since January 1999.  The complaint, however, alleges Hi-Tech and Squyres have been infringing Experior's copyrights since 1997.

## II.  The Arguments

Defendants Hi-Tech and Squyres (hereinafter "Defendants") filed a motion under Federal Rule of Civil Procedure 12(b) challenging personal jurisdiction. Plaintiff maintains Defendants are subject to jurisdiction under the New Mexico long-arm statute, NMSA 1978 § 38-1-16(A), which provides

> Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:

5

>       (1)   the transaction of any business within this
> state;
>       ...
>       (3)   the commission of a tortuous act within this
> state ....

Defendants respond that they have neither transacted any business nor committed tortious acts within the state and therefore lack the requisite minimum contacts to satisfy fair play and substantial justice.

### III.   Legal Analysis

This Court has jurisdiction over Squyres and Hi-Tech to the extent authorized by New Mexico law.  *See Fort Knox Music, Inc. v. Baptiste*, 203 F.3d 193, 196 (2d Cir. 2000) (holding that "federal court applies the forum state's personal jurisdiction rules" in copyright cases).  New Mexico courts apply a three-step test to determine whether they have personal jurisdiction over a nonresident defendant:  1) the act at issue must be enumerated in the long-arm statute; 2) the plaintiff's cause of action must arise from the act itself; and 3) the act(s) of the defendant must establish the minimum contacts necessary to satisfy due process." *Benally v. Amon Carter Museum of Western Art*, 858 F.2d 618 (10th Cir. 1988); *see also Selas v. Homestake Enters., Inc.*, 742 P.2d 1049, 1050 (N.M. 1987).  As

indicated, Plaintiff argues both Defendants not only transacted business but also committed tortious acts within New Mexico.

    A.  <u>Transacting Business</u>

The question of personal jurisdiction over out-of-state residents involves more than a technical transaction of any business.  It must be equated with minimum contacts sufficient to satisfy due process. *Tarango v. Pastrana*, 616 P.2d 440 (N.M. App. 1980).  To determine whether minimum contacts were established, a court should look at the degree to which a defendant purposefully initiated activity within the state.  *Hanson v. Denckla*, 357 U.S. 235 (1958); *Sanchez v. Church of Scientology*, 857 P.2d 771 (N.M. 1993). A defendant's conduct and connection with the forum must be such that he should reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980).

The complaint alleges that Squyres gained access to Experior's copyrighted questions by repeatedly taking the Licensing Examinations.  Plaintiff's affidavits illustrate Squyres took four Licensing Examinations in 1998 and fourteen more in 1999.  Squyres registered for the tests by sending an Examination Request Form to Experior's office in New Mexico and paying Experior's examination fee.

By taking these New Mexico examinations in New Mexico with the purpose of using the information for his own commercial advantage, it seems clear Squyres was transacting business within the meaning of NMSA 1978 § 38-1-16(A)(1). *Benally*, 858 F.2d at 618; *State Farm Mut. Ins. Co. v. Conyers*, 784 P.2d 986 (N.M. 1989).

 Whether Hi-Tech manifested a purposeful intent to conduct business in New Mexico is somewhat more problematic.  Initially, Hi-Tech could be deemed to have assigned Squyres to take the New Mexico examinations and thus purposefully availed itself of the state's benefits for purposes of jurisdiction.  *See Tercero v. Roman Catholic Diocese*, 980 P.2d 77 (N.M. App.) (foreign diocese's assignment of a priest to New Mexico constituted transacting business), *cert. denied*, 981 P.2d 1209 (N.M. 1999).  There are, however, additional indications that Hi-Tech might have reasonably anticipated New Mexico's assertion of jurisdiction.

 Hi-Tech obviously chose to offer a product which targeted New Mexico consumers – test preparation materials for various New Mexico contractors' examinations.  They also chose a New Mexico resident to set up and, at least temporarily, operate their Web site.  Finally, any e-mail response for any of their

products would come to Bachman in Albuquerque.  Under New Mexico's long-arm statute, acts committed "through an agent" are sufficient to confer personal jurisdiction over the principal.  NMSA 1978 § 38-1-16(A); *see also Campos Enters., Inc. v. Edwin K. Williams & Co.*, 964 P.2d 855, 862 (N.M. App.), *cert. denied*, 967 P.2d 447 (N.M. 1998).  Since Bachman held himself out, apparently with Squyres' concurrence, as a partner in Hi-Tech, any acts that Bachman – a New Mexico resident – performed on behalf of Hi-Tech in New Mexico can also be attributed to Hi-Tech for purposes of this motion.  Thus, any sales resulting from Hi-Tech's Web page, routed through Bachman's e-mail, would have constituted the transaction of business by Hi-Tech.  *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1248-49 (10th Cir. 2000).  Defendants, however, maintain the only sale of New Mexico materials derived from the on-line site was to the Plaintiff, and the mere retention of Schroeder would not be sufficient. *Coba Ltd. Liab. Co. v. Mustang Software, Inc.*, 984 P.2d 803 (N.M. 1999).

Defendants also received telephone calls and shipped test preparation materials to at least one New Mexico resident, Mr. Goff.  However, Goff did not buy the New Mexico materials on which the complaint is based.  New Mexico law

requires the cause of action arise from the transaction of business. *Campos Enters.,*

*supra.*

While cases dealing with the sufficiency of doing business on the Internet

as a basis for personal jurisdiction are exploding, there are few dealing with an

unsuccessful effort to target local consumers via the Internet. The most analogous

cases seem to indicate that, standing alone, national advertising on the Internet

is not a sufficient basis for jurisdiction. Generally, merely establishing a passive

Web site which contains information available to anyone, anywhere is analogous

to an advertisement in a national magazine and provides an insufficient basis for

personal jurisdiction. *Bensusan Restaurant Corp. v. King,* 937 F. Supp. 295

(S.D.N.Y. 1996); *Hearst Corp. v. Goldberger,* 1997 WL 97097 (S.D.N.Y. 1997);

*but see Inset Systems, Inc. v. Instruction Set, Inc.,* 937 F. Supp. 161 (D. Conn. 1996).

Conversely, an interactive Web page that facilitates numerous business

transactions with residents of the forum will generally provide a sufficient basis

for jurisdiction if the suit arises from such a transaction. *Cody v. Ward,* 954 F.

Supp. 43 (D. Conn. 1997); *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F. Supp.

1119 (W.D. Pa. 1997); *Heroes, Inc. v. Heroes Found.,* 958 F. Supp. 1 (D.D.C.

1996). An interactive Web site which is clearly targeted toward the forum but

which generates little response from the state's citizens presents the middle ground, but has been found sufficient to sustain jurisdiction because of its focus on the local forum. *See EDIAS Software Int'l v. BASIS Int'l*, 947 F. Supp. 413 (D. Az. 1996); *Panavision Int'l v. Toeppen*, 938 F. Supp. 616 (C.D. Cal. 1996); *State by Humphrey v. Granite Gate Resorts, Inc.*, 1996 WL 767431 ( Minn. Dist. 1996); *California Software, Inc. v. Reliability Research, Inc.*, 631 F. Supp. 1356 (C.D. Cal. 1986).

The Tenth Circuit has held that whether a defendant's use of an "interactive Web site[]" to solicit customers in the forum state is sufficient to confer personal jurisdiction depends on "the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292 (10th Cir. 1999) (quoting *Patriot Systems, Inc. v. C-Cubed Corp.*, 21 F. Supp. 2d 1318, 1323-24 (D. Utah 1998). While Hi-Tech's Web site is fully interactive, it has apparently been totally ineffectual in producing commercial results except for the sale to Plaintiff which set up this suit. This test therefore provides little guidance in the present context. Fortunately, it is unnecessary to resolve this issue since Hi-Tech so clearly meets the tortious act prong of NMSA 1978 § 38-1-16.

B.  <u>Tortious Act</u>

Plaintiff alleges that after taking "numerous Licensing Examinations in New Mexico ... Squyres illegally copies and redistributes Experior's test questions alone and in concert with the other defendants." Compl. ¶ 7.  Plaintiff also alleges "Ronald Squyres took the Licensing Examinations in order to record or copy Experior's questions and distribute them through Greenview Enterprises and Hi-Tech. *Ibid* at ¶ 20.  Finally, Plaintiff claims:

> During at least the period from 1997 to the present date, Hi-Tech has also published and distributed to prospective test-takers a computer program, among other materials, that includes questions copied in substantially similar form from actual Licensing Examinations.  These questions include questions from Experior's copyrighted New Mexico GB2/GB-98 Examination Form 0701 and Experior's copyrighted Computer Item Bank for General Construction Exams.  On information and belief, these test questions were obtained by Ronald Squyres, among others.

*Ibid* at ¶ 24.  Plaintiff seeks injunctive relief to stop such conduct.

A violation of the Copyright Act is tortious in nature, *see Blue Ribbon Pet Prods., Inc. v. Rolf C. Hagen (USA) Corp.*, 66 F. Supp. 2d 454, 460 (E.D.N.Y. 1999).  *Cf. Cass County Music Co. v. C.H.L.R., Inc.*, 88 F.3d 635, 643 (8th Cir. 1996) (copyright damages designed to both punish wrongdoer and deter such

conduct in the future), and Squyres is alleged to have violated the Copyright Act by copying Experior's copyrighted test questions.   *See* 17 U.S.C. § 106(1) (copyright owner has exclusive right "to reproduce the copyrighted work").  Since Squyres is either an officer of, or as Bachman told Schroeder, a partner in Hi-Tech, and Hi-Tech offered the very New Mexico questions Squyres allegedly purloined for sale, it also would be subject to the New Mexico long-arm statute as an alleged tortfeasor.   *Ameritech Mobile Communications, Inc. v. Cellular Communications Corp.*, 664 F. Supp. 1175 (N.D. Ill. 1987).

Moreover, there seems little doubt Hi-Tech is subject to New Mexico tort jurisdiction even if it could not be tied directly to allegations Squyres illlicitly copies the tests in New Mexico.  By offering Plaintiff's copyrighted New Mexico exam questions for sale on the Internet, it would be foreseeable to Hi-Tech that any harmful effects of such a sale would occur in New Mexico.  *Panavision*, 938 F. Supp. at 616; *EDIAS*, 947 F. Supp. at 413; *Maritz, Inc. v. Cybergold, Inc.*, 947 F. Supp. 1328 (E.D. Mo. 1996); *Archdiocese of St. Louis v. Internet Entertainment Group*, 34 F. Supp. 2d 1145 (E.D. Mo. 1999); *Krantz v. Air Line Pilots Ass'n Int'l*, 427 S.E.2d 326, 330 (Va. 1993).  New Mexico law is well established that when a negligent or intentional act which occurs outside the jurisdiction has

13

consequences within the state, long-arm jurisdiction is appropriate. *Beh v. Ostergard*, 657 F. Supp. 173 (D.N.M. 1987); *Roberts v. Piper Aircraft Corp.*, 670 P.2d 974 (N.M. App. 1983).


# O R D E R

For the above stated reasons, the motion by Defendants Squyres and Hi-Tech  to dismiss, pursuant to Federal Rule of Civil Procedure 12(b), is DENIED.


Dated at Albuquerque this 19th day of September, 2000.


BRUCE D. BLACK
United States District Judge


Counsel for Plaintiff:
James O. Browning, Stevan D. Looney, Browning & Peifer, Albuquerque, NM
Brent J. Gurney, Lara A. Englund, Wilmer Cutler & Pickering, Washington, DC

Counsel for Defendants:
Sean R. Calvert, Calvert & Menicucci, Albuquerque, NM
Franklin J. Foil, E. Scott Hackenberg, Henchy Verbois Futrell & Foil, Baton Rouge, LA

14