IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

EXPERIOR ASSESSMENTS, LLC.,

        Plaintiff,

v.                                    No. CIV 00-824 BB/RLP

DAVID BACHMAN, MICAH
BACHMAN, GREENVIEW
ENTERPRISES, INC., RONALD
SQUYRES, and HI-TECH DATA
SERVICES, INC.,

        Defendants.

COURT'S FINDINGS OF FACT
AND
CONCLUSIONS OF LAW

THIS MATTER came to be heard on July 31 and November 9, 2000, on Plaintiff Experior Assessments, LLC's ("Experior") Motion for Preliminary Injunction. After considering the briefs and factual materials submitted by all parties, along with oral argument and testimony, the Court hereby makes the following findings of fact and conclusions of law:

### *Findings of Fact*

1.    **The Plaintiff, Experior, develops and administers Licensing Examinations pursuant to a contract with the Construction Industries Division of the New Mexico Regulations and Licensing Department ("CIDNM"). The CIDNM uses the results of the Licensing Examinations to determine whether an individual can be licensed or certified in a given construction specialty.**

2.    **Each of the Licensing Examinations consists of multiple-choice questions. Over time Experior has created item banks that contain a large pool of test questions for use in the Licensing Examination. Test developers draw questions from the item banks to create examination forms which are used for the actual administration of the Licensing Examinations.**

3.    **Experior has registered its Computer Item Bank for Electrical Examination and Computer Item Bank for General Construction Examinations, and its test forms for the General Building exam (the "GB-2/GB-98") and the Telephone Communications Systems Contractor Examination (the "ES-7") with the United States Copyright Office under special procedures for "secure tests." 37 C.F.R. § 202.20(c)(2)(vi).**

2

4. **Defendant Ronald Squyres is an officer of Hi-Tech Data Services ("Hi-Tech"). Defendant Hi-Tech is engaged in the business of providing test preparation materials which assist students preparing to take construction examinations, including the New Mexico Licensing Examinations.**

5. **David Bachman is owner of Greenview Enterprises ("Greenview") which also sells test preparation materials.**

6. **Greenview and Hi-Tech gave the same Albuquerque address when they registered the Internet domain names for their Web sites. That address is also David Bachman's home address.**

7. **In the past three years, David Bachman has taken more than 90 licensing examinations. Micah Bachman has taken at least 21 examinations and Ronald Squyres has taken at least 18 examinations.**

8. **Defendants advertise the fact their test preparation materials are copied from actual Licensing Examination questions.**

9. **Greenview and Hi-Tech share questions that they obtain from the actual examinations, as evidenced by the fact that the Greenview and Hi-Tech test preparation materials for the same examination are virtually verbatim copies of each other.**

10.     The questions that Defendants sell as test preparation materials are either identical, or substantially similar, to Experior's copyrighted test questions.

11.     Defendants apparently copied the questions from Experior since the wording in the Defendants' questions is materially identical to that in Experior's questions.

### Conclusions of Law

1.     To prove copyright infringement, it is sufficient to show (1) plaintiff's ownership of the copyright and (2) defendant's copying of protected material. *See, e.g., Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 831 (10th Cir. 1993); *Autoskill Inc. v. National Educ. Support Sys., Inc.*, 994 F.2d 1476, 1487 (10th Cir.), *cert. denied*, 510 U.S. 916 (1993).

2.     Experior's ownership of copyrights in the New Mexico examination questions and test forms is confirmed by registrations issued by the United States Copyright Office.

3.     The Court rejects Defendants' argument that the questions are not copyrightable under the "merger" doctrine because the questions can be formulated in essentially only one way.  Experior has demonstrated that the questions at issue could be formulated in several ways.   Moreover,

4

Defendants' argument is contradicted by the fact that Defendants have copied completely arbitrary elements of Experior's questions including the "distractors" and variables. *See Educational Testing Serv. v. Katzman*, 793 F.2d 533, 540 (3d Cir. 1986).

4.    The Court also rejects Defendants' argument that Experior copies its test questions from third parties and did not develop the questions itself. Defendants have no convincing evidence that Experior developed its examinations without reference to materials created by third parties.

5.    Experior may demonstrate Defendants' copying through proof of (1) access by the defendant in the copyrighted work and (2) substantial similarity between the plaintiff's and the defendant's works. *See, e.g., Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284 (10th Cir. 1996); *Gates Rubber Co.*, 9 F.3d at 832; *Autoskill Inc.*, 994 F.2d at 1490.

6.    Defendants had access to the Licensing Examination questions since Defendants David Bachman, Micah Bachman, and Ronald Squyres have repeatedly taken the Licensing Examinations provided by Experior.

7.    Sections 106(1) and 106(3) of the Copyright Act reserve to a copyright owner the exclusive right to copy and distribute his or her work.

Defendants have infringed Experior's copyrights in its Licensing Examination questions.

8.   In addition to infringing Experior's copyrights in individual questions, Defendants have violated Experior's copyrights in its Licensing Examination test forms as a whole.  The Copyright Act protects "compilations," *i.e.*, works "formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship."  17 U.S.C. § 101 (1994).

9.   Defendants infringed Experior's copyrights by copying Experior's questions, answers, and format.

10.   In copyright cases, the fact that the plaintiff is likely to succeed on the merits creates a presumption of irreparable harm.  *See Country Kids 'N City Slicks, Inc.*, 77 F.3d at 1288-89.

11.   Injury is obvious in cases involving the distribution of secure test questions.  *See Katzman*, 793 F.2d at 543-44 (infringement of secure test questions would cause irreparable harm).

12.   Since Defendants coach test-takers for several Licensing Examinations created by Experior, it is appropriate that they be enjoined from infringing Experior's copyrights in any of its copyrighted test forms. *See Katzman*, 793 F.2d at 544-45 (upholding preliminary injunction against infringement of any ETS test form).

13.   Allowing Defendants to continue their unauthorized scheme creates a substantial risk that unqualified applicants will be licensed as contractors. Issuing an injunction is therefore also in the public interest.

14.   A preliminary injunction will not bar Defendants from doing anything that they have a legal right to do, so the balance is clearly in favor of Plaintiffs.

15.   Experior has shown that there is a substantial likelihood that it will eventually prevail on the merits; that it will suffer irreparable injury unless the injunction issues; that the threatened injury to it outweighs whatever damage the injunction may cause Defendants; and that the injunction would not be adverse to the public interest.

16.   Pursuant to the Copyright Act, this Court has the authority to enter a nationwide injunction. *See* 17 U.S.C. § 502(b). The preliminary injunction shall extend to all works in which Experior owns a copyright, not just to

the test questions and forms used for the New Mexico Licensing Examinations.  *Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345, 1349 (8th Cir. 1994); *Pacific & Southern Co. v. Duncan*, 744 F.2d 1490, 1499 n. 17 (11th Cir. 1984); *Walt Disney Co. v. Powell*, 897 F.2d 565, 568 (D.C. Cir. 1990).

All tendered findings and conclusions not incorporated herein are deemed Denied.

A Preliminary Injunction consistent with these findings of fact and conclusions of law has been previously entered by the Court.

Dated at Albuquerque this 22nd day of December, 2000.


BRUCE D. BLACK
United States District Judge

8

**Counsel for Plaintiff:**

James O. Browning, Stevan Douglas Looney, Browning & Peifer, Albuquerque, NM

Brent J. Gurney, Lara A. Englund, Wilmer Cutler & Pickering, Washington, DC

**Counsel for Defendants:**

Sean R. Calvert, Calvert & Menicucci, Albuquerque, NM

Franklin J. Foil, E. Scott Hackenberg, Henchy Verbois Futrell & Foil, Baton Rouge, LA